Miller and Finney, Xenia, for plaintiff in error.

Marshall and Marshall, Sidney, for defendants in error.

**MIDDLETON, Trustee v BRADSTREET**

Ohio Appeals, 2nd Dist, Greene Co.

No 358.   Decided Nov 18, 1931

KUNKLE, J.

*Assuming* that the entry above quoted constitutes a final judgment from which error may be prosecuted, and further assuming that the plaintiff in error will be prejudiced by reason of such entry, although it is difficult to determine whether plaintiff in error will be prejudiced thereby as upon final hearing of his case the value of the truck may be fixed at such a low sum that plaintiff in error would be delighted to pay the same and retain the truck rather than return it, we will consider the case upon its merits as presented by counsel.

The entry shows that a hearing was had upon the amended answer and cross petition of the Trustee, and the reply thereto of plaintiff. No hearing was had upon any issue raised by the petition and the answer thereto. The court finds that at the time of the execution of this note the said T. E. Middleton was incompetent and decreed that the note be cancelled as a contract and set aside. The court further found that the said Bradstreet had no knowledge of the incompetency of the defendant Middleton at the time of entering into said contract and the giving of said note and that therefore the said Middleton should be held to the plaintiff for the payment of the reasonable value of said truck and reserved the question of the reasonable value of the truck to be determined by the jury and denied the application of the defendant to rescind the said obligation.

One of the issues raised by the reply was that by reason of the said Middleton retaining this truck from the time of its purchase and enjoying the same, that the parties could not be restored to their former position by the return of the truck. The court did not specifically find that the parties could not be placed in statu quo by the return of the truck but we think the entry, by inference, indicates such finding upon the part of the trial court.

No bill of exceptions has been filed and we do not know what testimony may have been introduced showing that the parties

could not be placed in statu quo by a return of the truck in view of the use which plaintiff in error may have made of such truck from the date of its purchase until the time of the trial. In the absence of a bill of exceptions we are required to hold that there was testimony which warranted the finding of the trial court and as above stated, we think the entry, by inference, wararnts a holding that a return of the truck would not place the parties in statu quo and that the only fair procedure was to require plaintiff in error to pay such sum as equalled the reasonable value of the truck.

In **Ruling Case Law, Vol 14, p 584**, the following rule is announced:

"The great weight of authority is however, to the effect that where a contract with an insane person has been entered into in good faith, without fraud or imposition for a fair consideration without notice of the infirmity, before adjudication of insanity, and has been executed in whole or in part, it will not be set aside, unless the parties can be restored to their original position."

Counsel for both sides have referred to **Hosler v Beard, 54 Oh St 398**, the first syllabus of which is as follows:

"As a general rule the promissory note of a person non compos mentis is invalid; but the rule is subject to the qualification that when such a note is given for necessaries, or for other adequte consideration or benefit furnished the maker in good faith without knowledge of his unsound mental condition, it may be endorsed to the extent of the value of the consideration so furnished."

Under the rule above announced, and in the absence of a bill of exceptions we would not be justified in disturbing the judgment. The judgment of the lower court will, therefore, be affirmed.

ALLREAD, PJ and HORNBECK, J, concur.